**BERRY et al. v. MIDCO OIL CORPORATION.**

No. 20324. Opinion Filed Oct. 20, 1931.
Rehearing Denied Nov. 24, 1931.

Eugene O. Monnet and Royce H. Savage, for plaintiffs in error.

E. M. Gallaher, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Washington county, by Midco Oil Corporation, defendant in error, against W. C. Berry, Herman Cook, and others. Midco Oil Corporation filed an action in replevin, wherein it alleged that it is the owner and entitled to the immediate possession of the following described personal property, to wit:

"Four 200 K. V. A. Maloney, electrical transformers and appertinent, attachments, equipment, etc."

That said property was of the value of $4,000; each of said transformers having a separate value of $1,000.

The Atchison, Topeka & Santa Fe Railway Company, one of the defendants, filed its answer and cross-petition, in which it alleged that it received the transformers from Herman Cook for shipment and issued a bill of lading therefor; and in its cross-petition it alleged defendant railway company was due the sum of $8 for demurrage for the time said property was held on board the car of the defendant railway company.

Herman Cook filed his answer and cross-petition against Midco Oil Corporation, which was by way of a general denial, and further alleged ownership of said property in the said Herman Cook; that he purchased the same from W. C. Berry; that W. C. Berry purchased said property from the Midco Oil Corporation. Herman Cook in his cross-petition alleged that on or about the 15th day of December, 1927, he was the owner and in possession of the personal property described in plaintiff's petition and that the plaintiff with malicious intent to injure and oppress said defendant and deprive him of the above-described transformers, filed a bogus and fictitious action against the said defendant in the justice of the peace court of W. L. Woodruff; the said suit was dismissed on December 31, 1927, and on the same date a suit in replevin was filed in the district court for said property. That he expended the sum of $100 in pursuit of the above-described personal property and that by reason of the oppressive acts of the plaintiff, defendant Cook has been deprived of the use, enjoyment, and possession of the said four transformers and had suffered actual damage in the sum of $4,000. Prayed for judgment for $4,100 actual damages and $2,500 exemplary damages.

Midco Oil Corporation filed its answer to the cross-petition of Herman Cook, wherein it denied all matters and things set up in defendant Cook's cross-petition; and asked for judgment in its favor.

Defendant W. C. Berry answered by way of general denial.

The cause came on for trial before a jury; the evidence disclosed that the Midco Oil Corporation had sold W. C. Berry some electrical machinery; the terms of sale were reduced and said memorandum included the property in controversy; said agreement was signed by T. J. Ellis, vice president, and W. C. Berry, with the following notation:

"The above and foregoing is my understanding of the transaction between the Midco Oil Corporation and myself.
"W. C. Berry."

Mr. Ellis testified that he was vice president and manager of the Midco Oil Corporation, that he sold the property to Berry and that later he found out by talking to some of his employees that the four transformers were not to go, as they belonged to another unit. That he took the matter up with Berry by letter and informed him that they could not let the four transformers go with the unit sold and that Berry called him by telephone and agreed to this arrangement. This conversation, Mr. Berry denied. The court at the conclusion of all of the testimony directed a verdict instructing the jury as follows:

"No. 1. You are instructed as to the cause of action pleaded by the plaintiff herein, that under the evidence introduced herein and under the law applicable thereto, the plaintiff, Midco Oil Corporation, is entitled to recover upon its petition the possession of the 4 KVA Maloney electrical transformers sued for herein and described in the petition, and your verdict in this case should be for the plaintiff for the possession of

said property, as against the defendants named in said petition.

"Given and excepted to by the defendants W. C. Berry and Herman Cook."

"No. 2. You are further instructed that as to the cross-petition of the defendant, Herman Cook, under the evidence introduced upon his cross-petition and under the law applicable thereto, the defendant, Herman Cook, is not entitled to recover anything against the plaintiff, Midco Oil Corporation, and that the said Midco Oil Corporation is not liable to the defendant, Herman Cook; and you are instructed that on the cross-petition of the said Herman Cook, you shall return a verdict against said defendant Herman Cook, and in favor of the plaintiff, Midco Oil Corporation.

"Given and excepted to by the defendants W. C. Berry and Herman Cook."

This court in Citizens Bank of Millerton v. Beeson, 104 Okla. 293, 231 P. 844, in the seventh paragraph of the syllabus said:

"The question presented on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of a party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough evidence to reasonably sustain a verdict, should the jury find in accordance therewith."

The court erred in directing a verdict in favor of the plaintiff below against the defendants for the property for the reason, under the testimony, there were disputed questions of fact to be determined by the jury. This rule is so well settled in this state it needs no citation of authority to sustain it. Where the evidence is conflicting, the court is without authority to take the case from a jury and direct a verdict.

There is some question raised by plaintiffs in error as to the admissibility of certain incompetent, irrelevant, and immaterial testimony. We deem it unnecessary to decide this question for the reason the case must go back for a new trial.

Authorities cited by the defendant in error and the statutes relied on are not applicable to the case at bar, where there was a sharp conflict in the testimony as to the ownership of the property involved. It is a jury case and should be submitted to the jury on the questions involved. The defendant Cook in his cross-petition had a right to submit his contentions to the jury as to whether or not the suit was maliciously brought or as to the amount of damages sustained by him, if any.

Judgment of the trial court is reversed, with directions to grant plaintiffs in error a new trial.

LESTER, C. J., and RILEY, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER, CULLISON, and ANDREWS, JJ., absent.